IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTANTINE ANGELOPOULOS, | ) |
| | ) |
| Plaintiff, | ) 2:19-CV-01578-CCW |
| | ) |
| vs. | ) |
| | ) |
| HDR ENGINEERING, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

AND NOW, this 17th day of November, 2020, upon consideration of Plaintiff Constantine Angelopoulos's Motion to Compel Defendant's Discovery Responses and for the reasons set forth below, Plaintiff's Motion is hereby DENIED WITH PREJUDICE.

**I.   Background**

Under the original Case Management Order issued by the Honorable Lisa Pupo Lenihan, ECF No. 17, dated March 31, 2020, all fact discovery was to be completed by August 31, 2020. Pursuant to this order, "[a]ll interrogatories, depositions and requests for admissions and/or production of documents shall be served within sufficient time to allow responses to be completed prior to the close of discovery." The Court held a Telephone Conference on August 4, 2020. *See* ECF No. 26. Counsel for Defendant reported that written discovery had been served on Plaintiff and that Plaintiff's deposition had been scheduled. Counsel for Plaintiff did not participate in the Telephone Conference. *Id.*

Plaintiff did not serve his First Set of Interrogatories and Request for Production of Documents on Defendant until August 11, 2020. *See* ECF No. 28, Ex. A. These requests were

untimely as Defendant's responses would have been due September 10, 2020—ten days after the close of discovery.  *See Nesselrotte v. Allegheny Energy*, Civil Action No. 06-01390, 2008 U.S. Dist. LEXIS 36100, at *5 (W.D. Pa. Apr. 30, 2008) (finding discovery requests propounded less than 30 days before the close of discovery to be untimely pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)).  On August 19, 2020, Plaintiff filed motions requesting (1) an extension to the discovery deadline and (2) leave to propound interrogatories in excess of the number permitted under the Fed. R. Civ. P. 33.  *See* ECF Nos. 27 and 28.

The Court held a telephone conference regarding Plaintiff's motions on August 28, 2020. ECF No. 31.  By orders entered that same day, ECF Nos. 32 and 33, Judge Lenihan extended the discovery period to October 31, 2020, and Plaintiff was directed to withdraw his prior written discovery requests and to "resubmit interrogatories limited to 35, with a separate Request for Product of Documents."  The Court further informed the parties during the August 28 conference that "no further extensions will be granted" to the discovery period.  *See* ECF No. 34 (Minute Entry for August 28 Telephone Conference).

Plaintiff then served his amended interrogatories on September 4, 2020 and his amended document requests on September 8, 2020.  *See* ECF No. 42 at ¶7.  Defendant, pursuant to an agreement reached by the parties extending the time to respond to Plaintiff's discovery requests, served responses to Plaintiff's document requests on October 12 and 16, 2020, and to Plaintiff's interrogatories on October 13, 2020.  *See id.* at ¶¶9-10.  Nearly two weeks later, on October 29, 2020, Plaintiff deposed Defendant's corporate representative.  *See id.* at ¶10.  Discovery then closed on October 31, 2020.  *See* ECF No. 32.

This case was transferred to the undersigned on October 23, 2020, and this Court held a Post-Discovery Status Conference on November 2, 2020.  *See* ECF Nos. 35, 37, and 40.  During

the Post-Discovery Status Conference, Plaintiff's counsel advised the Court that he believed the parties had an outstanding discovery dispute. Plaintiff's counsel further indicated that he believed Defendant's responses to requests for documents and to interrogatories were incomplete and that he had advised Defendant's counsel of the same earlier that morning.

The Court reminded the parties that discovery had closed and that further extensions of the discovery period would not be granted, but that the Court would address a discovery dispute if the parties met and conferred on any outstanding disputes and informed the Court of the need for judicial intervention prior to filing any motions, in accordance with the Court's Practices and Procedures.[1] The Court orally set a deadline of November 5, 2020 for the parties to complete their conferral and to inform the Court of the need for judicial intervention. Following the Post-Discovery Status Conference, the Court entered an order directing the parties to "promptly meet and confer to resolve any outstanding discovery disputes" and to "advise the Court on or before **November 5, 2020** if any further involvement of the Court is required." ECF No. 41 (Emphasis in original). The Court's Order also expressly advised the parties "to consult and familiarize themselves with the Court's Practices and Procedures." *Id.*

On November 13, 2020, more than a week after the deadline set by the Court, and in noncompliance with the Court's Practices and Procedures for discovery disputes, Plaintiff filed the instant Motion to Compel Defendant's Discovery Responses. *See* ECF No. 42. In his

---

[1] In the interest of promoting economy and efficiency in resolving discovery disputes, the Court's Practices and Procedures provide that:
> Counsel for the parties must confer on discovery disputes, prior to seeking the Court's intervention. If a discovery dispute cannot be resolved after the parties have conferred in good faith, the parties are to jointly contact chambers via telephone, or email the Court's deputy clerk…with a copy to the Court's paralegal…to schedule a telephonic status conference to discuss the dispute. No discovery motions are to be filed until after the conference except in cases of emergency as certified by counsel. Absent good cause shown, a failure to follow the above procedures shall result in a denial of any discovery motion, without prejudice.

Interim Practices and Procedures, Section III.B.2 (available at: https://www.pawd.uscourts.gov/sites/pawd/files/Wiegand_Interim_Practices_Oct_2020.pdf).

Motion, Plaintiff seeks to compel (1) a second deposition of Defendant's corporate representative; (2) a deposition of "a corporate record keeping representative" to be identified by Defendant; (3) a deposition of Defendant's employee, David Watson; and (4) responses to numerous written discovery requests. *See* ECF No. 42-1, Proposed Order.

Exhibits to Plaintiff's Motion to Compel relate that the parties met and conferred as follows: Plaintiff's counsel sent a "deficiency letter" to Defendant "just over an hour before" the November 2, 2020, status conference "identifying nine 'issues' that Plaintiff has with HDR's production." *See* ECF 42-2, Ex. 4. Defendant responded by e-mail dated November 4, 2020, in which Defendant attempted to address each issue raised by Plaintiff and supplemented Defendant's document production. *See id.* Plaintiff's counsel failed to contact the Court on November 5, 2020, to advise that "further involvement of the Court [was] required." ECF No. 41. Instead, Plaintiff's counsel sent counsel for Defendant a draft motion to compel on November 6, 2020. *See* ECF No. 42 at ¶ 18. Counsel again discussed the matter on November 10, 2020. *See id.* At no time prior to the November 13, 2020 Motion to Compel did either party contact the Court to advise that a discovery dispute remained, and to request court intervention prior to filing a motion, as required by the Court's Practices and Procedures and the Court's November 2, 2020 Order.

**II.     Analysis**

"It is well established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion." *Sears v. Mooney,* No. 1:17-cv-00050, 2018 U.S. Dist. LEXIS 63006, at *6 (M.D. Pa. Apr. 12, 2018) (citing *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987) ("The conduct of discovery is a matter for the discretion of the district court and its decisions will be disturbed

4

only upon a showing of an abuse of this discretion.")).  Indeed, the Third Circuit Court of Appeals has "long held that 'matters of docket control and conduct of discovery are committed to the sound discretion of the district court.'"  *Reisinger v. City of Wilkes-Barre*, 520 Fed.Appx. 77, 80 (3d Cir. 2013).

Importantly, "in addition to being untimely," motions to compel filed "after the discovery deadline are impliedly seeking an amendment to the scheduling order under Federal Rule of Civil Procedure 16."  *Zimmerman v. Edwin A. Abrahamsen & Assocs., P.C.*, Civil Action No. 15-CV-1174, 2017 U.S. Dist. LEXIS 137629, at *10 (M.D. Pa. Aug. 28, 2017).  Pursuant to Rule 16(b), "[a] schedule may be modified only for good cause shown and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Accordingly, [m]otions to [c]ompel filed after the discovery deadline are untimely and prohibited, absent good cause."  *Zimmerman*, 2017 U.S. Dist. Lexis 137629 at *11 (quoting *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, Civil Action No. 09-290, 2013 U.S. Dist. LEXIS 27221, at *8-9 (W.D. Pa. Feb. 28, 2013).  To establish such good cause, the moving party must demonstrate "that the schedule could not have been 'reasonably…met despite the diligence of the party seeking thee extension.'"  *Id.* at *11 (citing *Williams v. City of York, Pa.*, Civ. No. 1:15-CV-0493, 2016 U.S. Dist. LEXIS 60127, at *7 (M.D. Pa. May 6, 2016)).  "With respect to diligence, to establish good cause, the party seeking an extension should show that more diligent pursuit was impossible."  *Trask v. Olin Corp.*, 298 F.R.D. 244, 268 (W.D. Pa. 2014) (citing *Pritchard v. Dow Agro Sciences*, 255 F.R.D. 164, 175 (W.D. Pa. 2009) ("The Court of Appeals will not interfere with the discretion of the district court by overturning a discovery order absent a demonstration that the court's actions made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible.")).

Discovery deadlines were originally set in this case on March 31, 2020.  Plaintiff's counsel failed to serve Plaintiff's First Set of Interrogatories and Request for Production of Documents until August 11, 2020—more than four months later and less than three weeks before the close of discovery.  After obtaining a 60-day extension to the discovery period and being advised that no further extensions would be granted, Plaintiff's counsel again failed to diligently pursue discovery, only alerting the Court and Defendant of certain alleged deficiencies in Defendant's production on November 2—*after* the close of discovery.  Finally, the Court provided Plaintiff's counsel with a clear procedure for addressing and resolving any outstanding discovery disputes: meet and confer with Defendant's counsel and, if the parties could not reach an agreement on the disputed materials, inform the Court by November 5, 2020 and request a telephonic status conference.  Plaintiff's counsel did not notify the Court or otherwise request a conference; instead, more than a week after the Court's clear deadline, Plaintiff's counsel filed the instant Motion.

Plaintiff's Motion to Compel did not comply with the Court's express instructions, Order, or Practices and Procedures for resolving any outstanding discovery disputes.  *See* ECF No. 41.  In addition, Judge Lenihan had previously advised the parties on August 28, 2020 that no further extensions of discovery would be granted.  *See* ECF No. 34.  Furthermore, good cause for extending the time to complete discovery—impliedly sought by Plaintiff's Motion—has not been shown.  There is simply no indication in the record before the Court that "more diligent discovery was impossible." *Pritchard*, 255 F.R.D. at 175.   Accordingly, Plaintiff's motion will be denied.

### III.     Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel Defendant's Discovery Responses is hereby DENIED. Furthermore, because the time for discovery is now closed and because Plaintiff's counsel failed to comply with the Court's November 2, 2020 Order and the Court's Practices and Procedures concerning discovery disputes, the denial of Plaintiff's motion is with prejudice.

DATED this 17th day of November, 2020.

                                           BY THE COURT:

                                           /s/ Christy Criswell Wiegand
                                         CHRISTY CRISWELL WIEGAND
                                         United States District Judge

cc (via ECF email notification):

All Counsel of Record