# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTANTINE ANGELOPOULOS, | ) |
| Plaintiff, | ) Civil Action No. 2:19-cv-01578 |
| v. | ) Magistrate Judge Lenihan |
| HDR ENGINEERING, INC., | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWERS AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT**

Defendant, HDR Engineering, Inc. ("HDR" or "Defendant"), by and through its undersigned counsel, serves the following Responses and Objections to Plaintiff's First Set of Interrogatories directed to Defendant HDR.



1



**INTERROGATORY NO. 7:** State and explain Defendant's entire knowledge of Defendants/Mr. Atoulikian's methodical lessening of Plaintiff's work hours and whether Mr. Atoulikian was acting upon any directive, policy or an unspoken policy of the business or was he advised to behave as he did? Explain in detail.

**ANSWER**:  **Defendant objects to Interrogatory No. 7 as overly broad and not reasonably limited in scope in that it seeks Defendant's "entire knowledge" on an undefined "policy or directive" without limitation or explanation. Defendant further objects to this Interrogatory as the phrase "behave as he did" is undefined, open to multiple interpretations, and suggests that Defendant and/or Mr. Atoulikian behaved improperly in reducing Plaintiff's hours. Finally, Defendant objects to Interrogatory No. 7 as the phrase "methodical lessening" is undefined and unclear. Subject to and without waiving these objections, Defendant reduced Plaintiff's hours because of the lack of electrical engineering work available and Plaintiff's continued inability to meet his utilization goals. It is Defendant's normal business practice**

5

**to periodically evaluate its workforce and eliminate positions (or reduce hours) for which there is little demand or in which employees cannot meet utilization goals.**





**INTERROGATORY NO. 12:** What effort if any did Defendant make to keep Plaintiff fully employable? Explain in detail.

**ANSWER**: **Defendant objects to Interrogatory No. 12 as overly broad in that it seeks a description "in detail" of every effort undertaken by Defendant to "keep Plaintiff fully employable." Subject to and without waiving these objections, Kim Kennedy utilized Plaintiff's electrical engineering services on water/wastewater projects, despite there being limited work available in his field, and particularly in the Pennsylvania region. Defendant even reached out on numerous occasions to other HDR offices for work-sharing opportunities, however, the demand for electrical engineering services did not increase. Atoulikian and Connelly also both continued to seek out work for Plaintiff and exhausted their efforts to assist Plaintiff in attaining his utilization goals, to no avail.**



**INTERROGATORY NO. 14:** Do you deny that after cutting down Plaintiff's hours, benefits and position with the company Mr. Atoulikian demanded Plaintiff vacate his office immediately then without Plaintiffs knowledge directed an HDR employee to pack and move all of Plaintiff's belongings including personal things from his office while Plaintiff was not present. Whether yes or no explain in detail.

**ANSWER**: **Defendant objects to Interrogatory No. 14 as it suggests that Defendant "cut down" Plaintiff's position with Defendant. The phrase "cutting down" is vague and open to multiple interpretations, rendering it nearly impossible for Defendant to respond to this Interrogatory. Subject to and without waiving these objections, and based on Defendant's interpretation of this Interrogatory, Atoulikian did not "cut down" Plaintiff's position and did not "demand Plaintiff vacate his office immediately." Rather, Plaintiff was asked to move from an office to a cubicle, consistent with his reduction in hours.**



**INTERROGATORY NO. 18:** Do you agree it was common practice for engineers including Plaintiff from various offices to be involved in projects all over the country regardless of their state of residence? Whether yes or no, explain?

**ANSWER:** **Defendant objects to Interrogatory No. 18 as the phrase "common practice" is undefined, vague, and open to multiple interpretations. Subject to and without waiving this objection, as Defendant understands and interprets the phrase "common practice," no. However, at times and on a case-by-case basis, one office may reach out to another HDR office to determine if there were work-sharing opportunities available for any specific discipline, in an effort to keep all employees at our above their utilization goals. This is precisely what Defendant did with Plaintiff when he was failing to meet his goals—it reached out to other HDR offices to see if they had electrical engineering work that Plaintiff could perform.**





**INTERROGATORY NO. 23:** In the three (3) years prior and up to the time Plaintiff was no longer employed by Defendant at both Pennsylvania and Ohio locations were work assignments and hours reduced by division/departmentwide or just for the Plaintiff?

**ANSWER**: **Michael Paine, who was also employed in Plaintiff's same group, had his hours reduced at the same time Plaintiff's hours were reduced from 30 to 20. Paine's hours were reduced from 40 to 30 but returned to full-time (40 hours) in January 2019 when the ALCOSAN project picked up.**





**INTERROGATORY NO. 26:** Did any other division/department employee have hours and benefits cut at approximately the same time as Plaintiff? If so, who, why and when? What were these individuals' age, position, location and responsibilities? Explain in detail.

**ANSWER**: **Yes. Michael Paine (Senior Structural Engineer – 56 years old) had his hours reduced from full time to 30 hours the same time that Plaintiff's hours were reduced in March 2018. The basis for Mr. Paine's reduction is the same as that for Plaintiff.**





| | |
|---|---|
| Date: October 13, 2020 | Respectfully submitted,<br>**JACKSON LEWIS P.C.**<br><br>*/s/ Joanna M. Rodriguez*<br>Marla N. Presley, Esq.<br>PA ID No. 91020<br>marla.presley@jacksonlewis.com<br><br>Joanna M. Rodriguez, Esq.<br>PA ID No. 318853 |

>joanna.rodriguez@jacksonlewis.com
>1001 Liberty Avenue, Suite 1000
>Pittsburgh, PA 15222
>(412) 232-0404 | Telephone
>(412) 232-3441 | Facsimile
>
>*Counsel for Defendant HDR Engineering, Inc.*

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTANTINE ANGELOPOULOS, ) | |
| ) | Civil Action No. 2:19-cv-01578 |
| Plaintiff, ) | |
| ) | Magistrate Judge Lenihan |
| v. ) | |
| ) | |
| HDR ENGINEERING, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## VERIFICATION

I, Rich Atoulikian, depose and say that the facts set forth in Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*[signature]*

Rich Atoulikian
Vice President and Northeast Client Service Manager